IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| ANGELO PERRY, | : |
| | : |
| Petitioner, | : |
| | : |
| VS. | : |
| | : 1 : 11-CV-34 (WLS) |
| REGINALD D. MICHAEL, | : |
| | : |
| Respondent. | : |

## RECOMMENDATION

Petitioner filed this Petition for Writ of Habeas Corpus on February 2, 2011, pursuant to 28 U.S.C. § 2241, challenging his 1993 conviction in this Court. (Doc. 1). In said Petition, the Petitioner asserts that his "probation supervision was executed pursuant to a VOID JUDGMENT". *Id.* (emphasis in the original). The Petitioner's presently pending Motion, although labeled by the Petitioner as a motion brought pursuant to 28 U.S.C. § 2241, is in fact a § 2255 motion which challenges the substance of Petitioner's conviction and sentence, as he argues that he was wrongfully sentenced under a superseding indictment. (Docs. 1, 10). Originally filed in the Southern District of Florida, this civil action was transferred to this district by Order dated February 25, 2011. (Doc. 14). In the Recommendation underlying the transfer, the court noted that this petition was apparently filed in the Southern District of Florida to avoid the statutory requirement for authorization from the Eleventh Circuit to file a successive petition. (Doc. 10). The Florida court noted as well that this is the Petitioner's fourth § 2241 petition filed in that court attacking his 1993 Middle District of Georgia conviction. *Id.*

On June 7, 1993, the Petitioner entered into a Plea Agreement with the Government and pled

guilty to one count of aiding and abetting to possess with intent to distribute cocaine base. Criminal Action No. 1 : 92-CR-0001-DF, Doc. 72. Petitioner was sentenced to 163 months imprisonment followed by five (5) years supervised release on November 8, 1993. *Id.*, Doc. 84. Although he did not appeal his conviction or sentence, he has filed at least eight (8) petitions in this Court, identified or recharacterized by the Court as seeking relief from his 1993 conviction pursuant to 28 U.S.C. § 2255. (*Id.*, Docs. 99, 144, 160, 189, 203, 217, 223, 242, Civil Action No. 1:04-CV-178).

As set out by this Court numerous times in regard to Petitioner's challenges to his 1993 conviction and sentence, "before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255." Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Court. Without authorization from the Court of Appeals, the District Court lacks jurisdiction to consider a second or successive petition. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997). By Order of the Court dated August 23, 2001, the Petitioner was prohibited from filing any further petitions attacking his 1993 conviction without first receiving permission of the Eleventh Circuit Court of Appeals. (Criminal Action No. 1 : 92-CR-0001-DF, Doc.218).

Therefore, inasmuch as this § 2255 motion represents at least Petitioner's ninth challenge to his underlying conviction and is not a challenge to any new Judgment regarding Petitioner's conviction or sentence, it is considered successive. *See United States v. George*, 188 Fed.Appx. 926 (11th Cir. 2006). Inasmuch as the Petitioner has failed to obtain proper authorization for

filing this successive petition, this Court is without authority to entertain this successive challenge to Petitioner's conviction and sentence. Accordingly, it is the recommendation of the undersigned that this habeas petition be **DISMISSED**. *United States v. Terrell*, 141 Fed.Appx. 849, 852 (11th Cir. 2005) (when a person files a second or successive motion to vacate without first obtaining appropriate authorization from the Court of Appeals, the proper remedy is to dismiss the claims raised in the motion). Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this recommendation.

**SO RECOMMENDED**, this 9th day of May, 2012.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE

asb